**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

MARION A.,

                Plaintiff,

     v.                                   8:17-CV-1361
                                               (DJS)
COMM'R OF SOC. SEC.,

                Defendant.
_____

**APPEARANCES:**                              **OF COUNSEL:**

SCHNEIDER & PALCSIK              MARK A. SCHNEIDER, ESQ.
Counsel for Plaintiff
57 Court Street
Plattsburgh, NY 12901

U.S. SOCIAL SECURITY ADMIN.    DANIELLA M. CALENZO, ESQ.
OFFICE OF REG'L GEN. COUNSEL
REGION II
Counsel for Defendant
26 Federal Plaza - Room 3904
New York, NY 10278

**DANIEL J. STEWART
United States Magistrate Judge**

## DECISION and ORDER

      On March 28, 2019, this Court issued a Decision and Order dismissing Plaintiff's Complaint seeking review under 42 U.S.C. §§ 405(g) and 1383(c)(3) of Defendant's decision denying Plaintiff disability benefits. Dkt. No. 21. A Judgment dismissing the case was issued the same day. Dkt. No. 22. Under Federal Rule of Appellate Procedure

4(a)(1)(B) Plaintiff had sixty days within which to appeal. No appeal was filed. On May 29, 2019, Plaintiff filed an *ex parte* letter application for an extension of time to appeal. Dkt. No. 23. On May 30, 2019, a second letter motion was filed on notice to Defendant. Dkt. No. 24. Defendant filed an opposition to the Motion, Dkt. No. 25, and Plaintiff submitted two additional letters in support of the application. Dkt. Nos. 24-3 & 26. For the reasons which follow, the request for an extension of time to file an appeal is denied.

The Court has the authority to extend Plaintiff's time to appeal upon a showing of "excusable neglect or good cause." FED. R. APP. P. 4(a)(5); *Goode v. Winkler*, 252 F.3d 242, 245 (2d Cir. 2001). That power, however, is "severely circumscribed." *Mendes Junior Int'l Co. v. Banco do Brasil, S.A.*, 215 F.3d 306, 312 (2d Cir. 2000). Courts considering whether to extend the time to file an appeal under Rule 4(a) evaluate four factors identified by the Supreme Court in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993): "[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. at 395). The Second Circuit has made it clear that this is a demanding standard and that movants "will, in the ordinary course, lose under the *Pioneer* test." *Id.* at 366-67.

"In most cases, as here, the first, second, and fourth *Pioneer* factors favor the movant." *Doroz v. TECT Utica Corp.*, 2013 WL 5786641, at *3 (N.D.N.Y. Oct. 28, 2013) (citing *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d at 366). First, as to the prejudice to Defendant, the Court finds that this factor weighs slightly in favor of granting the Motion. There is undoubtedly prejudice to Defendant in permitting the appeal given the loss of finality and the need to defend the appeal. Neither, however, weighs strongly against relief here. *Active Glass Corp. v. Architectural & Ornamental Iron Workers Local Union 580*, 899 F. Supp. 1228, 1231 (S.D.N.Y. 1995) ("This claimed prejudice, however, does not result from the untimeliness of the appeal; it would result from any appeal.").

Second, the delay here was concededly short. *See* Dkt. No. 25 (delay was only a matter of days). When a timely application is made "[d]elay always will be minimal in actual if not relative terms." *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d at 366. The fact that the delay in seeking relief was short, however, does not mean that relief should be granted. *See*, *e.g.*, *Jin v. Metropolitan Life Ins. Co.*, 88 Fed. Appx. 456 (2d Cir. 2004) (affirming denial of relief under Rule 4(a)(5) when Notice of Appeal was filed just one day late).

As to the fourth factor, nothing in the record suggests a lack of good faith on the part of Plaintiff in seeking relief here.

The final factor - "the reason for the delay, including whether it was within the reasonable control of the movant," *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d at 366, "is often the most important." *Jin v. Metro. Life Ins. Co.*, 2003 WL 21436211, at *3

(S.D.N.Y. June 20, 2003). Plaintiff provides two grounds for excusing the failure to timely appeal. First, Plaintiff's counsel had lost contact with Plaintiff for a period of time, including the time immediately after this Court's decision. *See* Dkt. No. 23 at p. 1. Second, Plaintiff's counsel also cites Plaintiff's mental illness as a contributing factor. *Id.* On this record, neither warrants the requested relief.

Plaintiff first seeks relief based on the fact that Plaintiff did not receive notice of the Decision and Order until after the time to appeal had expired and then diligently sought leave to appeal by this Motion. It appears that Plaintiff's counsel wrote to Plaintiff to advise her of the Court's decision in March 2019, but that the letter was returned undeliverable by the Postal Service. Several phone calls to Plaintiff and relatives were unsuccessful in identifying a new address for Plaintiff. Dkt. No. 23 at p. 1. On May 29, 2019, Plaintiff's counsel received a phone call from Plaintiff and they determined that Plaintiff did wish to appeal. *Id.*

Courts have repeatedly held that a party's failure to keep their counsel or the court apprised of a current address is no basis for finding good cause or excusable neglect. *Jin v. Metro. Life Ins. Co.*, 2003 WL 21436211, at *3 (S.D.N.Y. June 20, 2003) (good cause or excusable neglect not present when client's failure to stay in communication with attorney resulted in failure to timely appeal); *Lebron v. Marriott In-Flite Servs. (New York)*, 1993 WL 72351, at *3 (E.D.N.Y. Mar. 9, 1993) ("By failing to notify this Court of her change of address, plaintiff assumed the risk that she would not receive critical communications from the Court or from opposing counsel."). Here, it was entirely within

4

Plaintiff's control to keep her attorney up to date on how to contact her. If she had done so, counsel presumably would have been able to communicate with her and timely file an appeal here where the time to do so was sixty, rather than the normal thirty, days. *See* FED. R. APP. P. 4(a)(1)(B). Plaintiff's failure to do so here does not justify an extension of time in which to appeal.

Plaintiff's counsel also attributes Plaintiff's lack of diligence to her severe mental illness, but offers no further explanation. Dkt. No. 23 at p. 1. This entirely conclusory statement is insufficient to establish either good cause or excusable neglect. *See Jin v. Metropolitan Life Ins. Co.*, 88 Fed. Appx. 456 (factors including Plaintiff's "depressed state" insufficient to justify relief under Rule 4(a)(5)).

Finally, Plaintiff argues that the Social Security Act is "unusually protective" of claimants and that as such her Motion should be viewed with special solicitude. Dkt. Nos. 24-3 & 26. "The requirements of FED. R. APP. P. 4(a) are 'mandatory and jurisdictional.'" *Seda v. Conway*, 2012 WL 11747509, at *2 (W.D.N.Y. Mar. 13, 2012) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 61 (1982)). The "time requirements for invoking appellate jurisdiction are strictly enforced." *Mei Xing Yu v. Hasaki Rest., Inc.*, 874 F.3d 94, 96 (2d Cir. 2017). *Smith v. Berryhill*, on which Plaintiff relies in support of her argument for special solicitude involved a "nonjurisdictional" provision of the Social Security Act and as such does not support Plaintiff's position. 139 S. Ct. 1765, 1773 (2019).

**ACCORDINGLY**, it is

**ORDERED,** that Plaintiff's Motion for an Extension of Time to Appeal is **DENIED**.

Dated: October 15, 2019
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge